## Babbitt's Appeal

*Walter C. Longstreth,* for appellant.

*Abraham Wernick* and *Ernest Lowengrund,* for Board of Revision of Taxes.

PARRY, J., June 7, 1943.—This is an appeal from the assessment by the Board of Revision of Taxes for the year 1942 upon the sum of $6,934.50, the computed principal value of eleven annuities yielding a total annual sum of $1,030.08, the property of Ellen C. Babbitt. From the proofs and admissions I make the following:

### Findings of fact

1. The Board of Revision of Taxes assessed for the year 1942 the total computed principal value of eleven annuities belonging to Ellen C. Babbitt, yielding a total annual sum of $1,030.08.

2. The annuitant long prior to her residence in Pennsylvania had from time to time purchased separate annuities, seven of which each yielded $98.88 and four of which each yielded $84.48, an aggregate of eleven annuities yielding a total sum of $1,030.08 per annum.

3. The Act of Assembly of June 17, 1913, P. L. 507, 72 PS §4821, provided, inter alia, sec. 1:

"That all personal property of the classes hereinafter enumerated . . . is hereby made taxable, annually, for county purposes, and, in cities coextensive with counties, for city and county purposes, at the rate of four mills on each dollar of the value thereof . . . that is to say . . . all annuities yielding annually over two hundred dollars. . . ."

This section was amended by the Act of June 19, 1939, P. L. 413, so that the words regarding annuities should read:— "the principal value of all annuities

yielding annually over two hundred dollars". While the Act has since been amended, this provision remains unchanged.

### Discussion

It is contended on behalf of the Board of Revision of Taxes first that these separate annuities must be treated as one and since the total amount yielded is more than $200., it is subject to the tax. We think this position untenable. Any one of the annuities might be either surrendered or assigned without affecting the others, they were purchased at separate times for different amounts and they are clearly separate and distinct contracts. They cannot be treated as one but this does not dispose of the question whether the proceeds may not be treated as an aggregate, taxable sum.

The question depends on the meaning of the words "all annuities" and while "all" in one sense means the "whole amount", it is frequently used in the sense of "each and every one of" and is a general rather than a universal term, to be understood in one sense or the other according to the demands of sound reason. Kieffer v. Ehler, 18 Pa. 388, 391. It appears to me that the meaning here is clear and it comes to this:—Every annuity which yields annually over $200, is taxable.

It is next contended that the provision is unconstitutional in that it offends the established rule of uniformity and equality of taxation. This may be so but it is a contention that will not help the assessment for if the provision is unconstitutional then the Board of Revision of Taxes cannot assess any tax against annuities.

### Conclusions of law and decree

And now, to wit, June 7, 1943, this appeal having come on to be heard under the Act of April 19, 1889, P. L. 37, sec. 1 and upon consideration of the evidence presented, it is ordered and decreed:

1. That this appeal from the action of the Board of Revision of Taxes of the City of Philadelphia in assess-

ing and valuing the appellant's property in the sum of $6,934.50 for the purpose of taxation for the year 1942 is hereby sustained.

2. That the eleven annuities, each of them having an annual yield of less than the sum of $200., are not taxable under the Acts of Assembly and amendments as aforesaid.

The prothonotary will enter this decreee nisi and give notice thereof to the parties or their attorneys and unless exceptions are made thereto within ten days either party may present a form of final decree to be filed in the case.